UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene P. Harrison, *a/k/a Eugene Paul Harrison, Sr.*, | ) C/A No. 9:17-1302-RMG-BM ) ) |
| Plaintiff, | ) ) **REPORT AND RECOMMENDATION** |
| vs. | ) ) |
| Jill Woodton, *Manager;* Ashantae Thompson, *Manager, Lender Loan*, | ) ) ) |
| Defendants. | ) ) ) |

This is a civil action filed by the Plaintiff, Eugene P. Harrison, pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997) [pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B),



a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

## Discussion

Plaintiff, a frequent filer of litigation in this Court,[1] originally filed a Complaint in which he failed to state a basis for jurisdiction in this Court. See Complaint, ECF No. . In an order entered August 15, 2017, Plaintiff was informed that he failed to state his basis for jurisdiction (and the general bases for jurisdiction in this Court were briefly explained to him), that it was unclear what claim(s) he was asserting against the named Defendant(s), and that he failed to state what relief he was requesting. ECF No. 9. He was directed to complete a "Complaint for a Civil Case" form to correct these deficiencies (id.), and on August 22, 2017, he filed his Supplemental Complaint (ECF No. 1-2).

---

[1] Review of the Court's records indicates that this is the seventeenth (17th) civil action Plaintiff has filed in this Court since 2001. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].



2

In his Supplemental Complaint, Plaintiff alleges that on June 9[2] Defendant Jill Woodton knocked on the door of his residence, opened the door and said "hello," closed the door, placed an envelope in the door, got into a white Nissan Maxima, and fled. Thereafter Plaintiff "chased" the vehicle on highway 278, he saw a "gamecock" license tag, and he went back to his house. Plaintiff claims that his daughter and his fiance's children heard Defendant Woodton when she opened the door of the house. Plaintiff claims that Defendant Woodton "unlawfully entered and left the house."[3] ECF No. 1-2 at 5. He requests that Defendant Woodton's "licience to be indefintely remove from being a Loan Officer, for punitive damages $250,000.00." Id. (errors in original). Plaintiff also requests that Defendant Ashantae Thompson be held accountable for supporting Woodton's actions, Thompson be removed from being a loan officer, and an award of $50,000 in punitive damages be granted for his pain and suffering. Id.

The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, see 28 U.S.C. § 1331, or its diversity jurisdiction, see 28 U.S.C. § 1332. In his Supplemental Complaint, Plaintiff checked a box indicating that his basis for federal court

---

[2] Plaintiff fails to specify the year that the alleged incident occurred. In his original Complaint, he states that the alleged incident occurred on May 16, 2017. Complaint, ECF No. 1 at 3.

[3] To the extent that Plaintiff is attempting to have Defendant(s) criminally prosecuted, such claims should be dismissed as it is well settled that an individual such as the Plaintiff here has no constitutional right to, or in fact any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person]; Diamond v. Charles, 476 U.S. 54, 64–65 (1986) [applying Linda R.S. v. Richard D. and collecting cases]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev.1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"].



3

jurisdiction was federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, in response to the question asking him to identify his basis for federal question jurisdiction by listing the specific federal statutes, federal treaties, and/or provisions of the Untied States Constitution at issue in this case, Plaintiff merely listed "Unlawful Entry/Harassment/False Statement." ECF No. 1-2 at 3. Such claims do not arise "under the Constitution, laws, or treaties of the United States" as required for federal question jurisdiction pursuant to § 1331. See 28 U.S.C. § 1331.

To the extent that the Complaint or Supplemental Complaint attempts to state a constitutional claim under 42 U.S.C. § 1983, which would constitute "federal question" jurisdiction, in order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). There is no allegation that the Defendants here have acted under color of state law. Both are private citizens employed by a private business, not public employees. Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

Because the United States Constitution regulates only the government, not private parties, a litigant asserting a § 1983 claim that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the



4

exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937; see U. S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991). Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or entity is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). There is no allegation here to suggest that the Defendants' actions were anything other than purely private conduct. Thus, Plaintiff has failed to state a claim under § 1983.

Plaintiff has not alleged that this Court has jurisdiction based on diversity jurisdiction, but even if he had, there is no diversity jurisdiction in this case. A district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between–(1) citizens of different States...". 28 U.S.C. § 1332. However, Plaintiff has not alleged complete diversity of the parties. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978) [Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side]. In order to maintain an action based upon diversity jurisdiction, complete diversity between the plaintiffs and defendants must exist at the time the complaint is filed. Martinez v. Duke Energy Corp., 130 F. App'x 629, 634 (4th Cir. 2005). Here, diversity is lacking as Plaintiff and all Defendants are citizens of South Carolina. See ECF No. 1-2 at 2.

Finally, Plaintiff may also be attempting to assert claims under state law. However, if the above recommendations are adopted with respect to Plaintiff's federal claims, only Plaintiff's



5

state law claims would survive, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). Since, for the reasons already discussed, Plaintiff has asserted no valid federal claim and has not alleged diversity jurisdiction, this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"].

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint at this time without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 13, 2017
Charleston, South Carolina

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

