## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene P. Harrison, *a/k/a Eugene Paul Harrison, Sr.*, | Case No.: 9:17-cv-1302 |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Jill Woodton, *Manager*; Ashantae Thompson, *Manager, Lender Loan*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 16) recommending that this Court dismiss Plaintiff's Complaint without prejudice and without issuance of service of process. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. The Complaint is dismissed without prejudice.

### I. Background and Relevant Facts

Plaintiff Eugene P. Harrison is proceeding *pro se*. This is the seventeenth civil action he has filed with this Court since 2001. (Dkt. No. 16 at 2.) The Magistrate Judge entered an order on August 15, 2017, notifying Plaintiff that he failed to state a basis for jurisdiction, that it was unclear what claim(s) he was asserting against the named Defendant(s), and that he failed to state what relief he was requesting. (Dkt. No. 9.) Plaintiff was instructed to complete a "Complaint for a Civil Case" form to correct these deficiencies. On August 22, 2017, Plaintiff filed his Supplemental Complaint. (Dkt. No. 1-2.)

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

Plaintiff has alleged that Defendants, who are private citizens, violated the law by, among other actions, unlawfully entering his home and harassing him or his family by saying "hello" and leaving a white envelope. The Magistrate Judge explained in the R. & R. why Plaintiff's

allegations fail to state a claim that this Court may consider under either its federal question or diversity jurisdiction. (Dkt. No. 16 at 3-6.) Plaintiff has not filed any Objections to the R. & R. This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

## IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 16) as the order of the Court. Plaintiff's Complaint is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October  3 , 2017
Charleston, South Carolina